[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE DATENOVEMBER 18, 1994
In the revised complaint dated January 24, 1995, consisting of eight counts Counts one through four are directed toward defendant Jack L. Rosenblit and allege breach of fiduciary duties and breach of partnership agreements and seek indemnification and an accounting arising out of a number of previous lawsuits involving claims related to a multi-family housing development known as Litchfield Heights Apartments.
Defendant's Motion to Strike directed to the original complaint dated October 25, 1994, is stipulated to be applicable to the first four counts of revised complaint dated January 4, 1995.
Defendant's Motion to Strike claims that these counts are insufficient at law because plaintiff has failed to plead that an accounting or settlement of the partnership affairs has occurred which is a condition precedent to the right to maintain the claims contained in these counts.
The defendant, relies on common law precedents and language in 68 C.J.S. Partnership, Section 108, in arguing that "an action at law by one partner against another cannot be maintained on a claim growing out of partnership transactions until the partnership business is wound up and an accounting and settlement of all partnership affairs has been effected."
In Mazzella v. Lathouris, 4 Conn. L. Rptr. 323 (July 26, 1991) (Ryan, J.), the plaintiff partner sued another partner for breach of partnership agreement, contribution, indemnification, unjust enrichment, accounting, breach of fiduciary duties as a partner, fraud and conversion. The defendant partner moved to strike on the ground that the plaintiff failed to plead that an accounting or settlement of the partnership affairs occurred, which he claimed to be a condition precedent to the right to maintain the plaintiff's claims. CT Page 4266
In a thoroughly researched opinion, the court held that in Connecticut an accounting is not required prior to a partner bringing an action at law against another partner, because an action for an accounting and actions for breach of fiduciary duty can be brought in the same suit.
We adopt the reasoning and authorities acted by Judge Ryan in Mazzella.
Defendant's Motion to Strike is denied.
Wagner, J.